### In re PFEIFFER'S ESTATE.

(Surrogate's Court, New York County. April 10, 1914.)

PRINCIPAL AND AGENT (§ 143*)—UNDISCLOSED PRINCIPAL.

As a rule an undisclosed principal may enforce a contract made by an undisclosed agent, unless it be inequitable to do so, so that, where claimant's father, who was formerly in the undertaking business, made over his business to him, but afterwards sometimes acted as his son's agent in receiving orders for funerals, etc., and so acted in contracting for dece-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dent's funeral, claimant could enforce his claim under such contract against the estate for such funeral expenses.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 392; Dec. Dig. § 143.*]

In the matter of the Estate of Joseph Pfeiffer. Application for payment of funeral expenses. Prayer granted.

Cornelius Huth, of New York City, for petitioner.
Kelley & Connelly, of New York City, for executors.

FOWLER, S. This is an application for payment of a reasonable expense for the burial and funeral of the deceased. The reasonableness of the bill is conceded, and that the estate is liable therefor to some one is also conceded. It is disclosed that there are funds applicable to the payment of the funeral expenses. It appears that the contract was made with an undisclosed agent who was treated as principal throughout. The father in this case acted as the agent of his son. The father had been an old undertaker known to the neighborhood, but before this funeral he had made over the business to his only son of the same name. Thereafter the father, who was in ill health, continued to act as agent of the son, sometimes receiving orders for funerals from his old customers and conducting the funerals as in this instance. But at the same time, in fact, the business had become the son's sole business. The father has since died intestate, leaving no estate or debts, and there is no need of an administration. Had there been any defense or set-off to the bill as against the father, another question would arise, as the estate of Pfeiffer would, under the circumstances, be entitled to such set-off as against the undisclosed principal (Taintor v. Prendergast, 3 Hill, 72, 38 Am. Dec. 618). But there is no claim of set-off. The only point here is the right of the undisclosed principal to payment. As a general rule an undisclosed principal may enforce a contract made by an undisclosed agent, unless it is inequitable so to do. Anson on Contracts, 425; Pollock on Contracts, 100. No authority to the contrary of this general common-law rule has been cited to me. Of course there may be a state of facts shown under which the real principal could not sue on a contract by an undisclosed agent. But nothing is shown here to take this matter out of the operation of the general rule. I am convinced that the son was the real principal in this matter. The father and son were evidently respectable people, and the arrangement between them was bona fide, and not in order to deceive or defraud any one. I think the estate will be protected by a payment to the son, in view of the son's uncontradicted testimony.

Prayer of petition granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes